# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-02162-001-TUC-JGZ (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Ahmed Mahad Mohamed, et al., | |
| Defendants. | |

This case is presently set for trial on October 4, 2021 at 9:30 a.m.

The Court, having considered the parties' Joint Proposed Disclosure and Discovery Plan,

IT IS ORDERED the following deadlines shall govern this action:

1. The plea deadline is September 17, 2021;

2. The discovery/disclosure notice/request deadline is continued to July 16, 2021, for the following:

    a. All requests for disclosure. Disclosure pursuant to such a request shall be made within seven (7) days of the request.

    b. The filing by the Government of a notice of its intent to use specified evidence or statements at trial (e.g. Notice of Intent to Use Fed.R.Evid. 404(b) Evidence, Notice of Intent to Use Statement, Notice of Intent to Use Expert Testimony). If such a notice is filed, the Government shall also disclose such evidence or statements within fourteen (14) days of the filing

of the notice.

    c. The filing of any required notices of defenses. If such a notice is filed, the Government shall provide the responsive disclosure within fourteen (14) days of the filing of the notice.

3. The Defendants shall file any responsive disclosure by August 9, 2021;

4. Government shall disclose any expert witnesses it intends to use by July 16, 2021;

5. The Defendants shall disclose any rebuttal experts by August 13, 2021;

6. All pretrial motions (such as Motions to Suppress, or other motions listed in Crim.R.12(b)(3)), except motions in limine, shall be filed on or before June 25, 2021; Responses to pretrial motions shall be filed on or before July 9, 2021;

7. Motions in limine shall be filed no later than September 6, 2021; Responses to motions in limine are due no later than September 20, 2021;

8. By no later than Monday, September 20, 2021 the parties shall file:

    (a) One joint set of stipulated preliminary jury instructions that both parties agree are appropriate for trial. These jury instructions will be read at the beginning of the case. The parties shall submit the stipulated preliminary jury instructions in the exact order they want them read to the jury; **the parties shall provide the full text of their requested instruction.** As to citing authority, a citation to the model jury instruction number or other authority is all that is required in relation to stipulated preliminary jury instructions.

    (b) One joint set of stipulated final jury instructions that both parties agree are appropriate for trial. These jury instructions will be read at the end of the case. The parties shall submit the stipulated final jury instructions in the exact order they want them read to the jury; **the parties shall provide the full text of their requested instructions.** As to citing authority, a citation to the model jury instruction number or other authority is all that is required in relation to stipulated final jury

instructions.[1]

(c) One joint set of stipulated mid-trial jury instructions (if any) that both parties agree are appropriate for trial.  These jury instructions will be read in the midst of the case.  **The parties shall provide the full text of their requested instructions.**  As to citing authority, a citation to the model jury instruction number or other authority is all that is required in relation to stipulated mid-trial jury instructions.

(d) One joint set of jury instructions that the parties cannot agree on.  The party advancing a disputed jury instruction shall briefly explain why that instruction is appropriate and cite authority to support the proposed jury instruction.  Immediately after the explanation supporting the disputed jury instruction, the opposing party shall briefly explain why that instruction is inappropriate and cite authority to support the opposition.  Where applicable, the objecting party shall submit an alternative proposed instruction covering the subject or issue of law.  **The parties shall provide the full text of their requested instructions.**

(e) Proposed questions for voir dire.  The Court will ask standard qualifying voir dire questions.  Counsel may submit questions specific to the case and parties.  The Court will consider the submissions for inclusion in the voir dire.

(f) Proposed jury verdict forms (the parties shall indicate if the verdict forms are stipulated forms).

(g) On or before Monday, September 20, 2021, the parties shall notify the Court if all parties consent to a magistrate judge presiding over jury selection.

---

[1] After the Court receives the jury instructions from the parties, the Court will either discuss the instructions at the final pretrial conference, or issue an Order informing the parties what instructions were accepted and rejected prior to trial such that they will know the substance of all the preliminary and the likely final jury instructions prior to trial.  Likewise, prior to trial, the Court will either discuss verdict forms at the final pretrial conference, or issue an Order informing the parties what verdict forms will be used at trial.

9. Trial Briefs:

Trial briefs are due by Monday, September 20, 2021.

Dated this 14th day of May, 2021.

Honorable Jennifer G. Zipps
United States District Judge