T.S. HARTZELL
325 West Franklin Street, # 103
Tucson, Arizona 85701
(520) 792-8181
Arizona State Bar # 013862
Pima County Computer # 64555
tshart@dakotacom.net

Attorney for Defendant Mohamed

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | 4:19-cr-02162-JGZ-EJM |
| vs. | ) | RESPONSE TO MOTION FOR PROTECTIVE ORDER |
| Ahmed Mohad Mohamed, et al, | ) | |
| Defendants. | ) | |

Defendant Ahmed Mohamed, through counsel, responds to the government's motion for a protective order (CM/ECF# 115). While Mr. Mohamed objects in part to the proposed order, he does not object to the following:

1. The use of pseudonyms by the government undercover operatives;

2. A prohibition on inquiries asking about or likely to reveal the true identities of the government's covert operatives;

3. Prohibiting the public disclosure of any audio or video recording or other reproduction of the voice or visage of the government's undercover or online agents involved in the case;

4. Excluding all non-official audio and visual recording devices from the courtroom in the least restrictive manner possible calculated to prevent any video or audio recordings of the same secret law enforcement agents;[1]

5. Allowing the covert operatives to use non-public entrances and exits to the courthouse

---

[1] This would include the jurors' and public's cell phones. Mr. Mohamed requests the Court inform those affected that this interference in their lives is at the government's request.

and courtroom, provided all witnesses all allowed to enter and exit the courtroom through the same non-public portals.

Mohamed's Objections

Ahmed Mohamed opposes any order limiting his ability to question the witnesses about the workings of the online traps for potential terrorists or the other sting-type techniques employed by undercover operatives. The blanket prohibition sought by the government–preventing any examination of the government witnesses about the "nature and extent" of the use of online and real-world simulations of terrorist recruitment–would interfere with Mohamed's inquiries into how these fake terrorists and fake terrorist sites could ensnare the innocent and unwary. Mr. Mohamed intends to defend himself as entrapped by the government. The government's proposal would prevent that.

Mr. Mohamed objects to the witness disguises and video masking portion of the proposed protective order for two reasons:  1) interference in his right to confront witnesses, should the disguises and electronic obfuscation prevent or impair his ability (and the jury's) to discern expressions, tics and tells that might signal deception; and 2) the subtle elevation of these witnesses by the court-sanctioned protections that could be perceived by the jury as a form of vouching for the status and believability of the witnesses or as an acknowledgment that the witnesses need to be protected from retaliation by the defendants or their cohorts.

As to the confrontation clause worries, Mr. Mohamed emphasizes that this right is not only that he can look the witness in the eyes, but that the jury, too, can assess the credibility of the witness.

> The Supreme Court has stated that a central value of the Confrontation Clause is having the witness "stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief." *California v. Green*, 399 U.S. 149, 158, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970) (citation omitted). *United States v. De Jesus–Casteneda*, 705 F.3d 1117, n. 6 (9th Cir. 2013).

Ahmed Mohamed submits to the Court, in addition to the violation of the confrontation clause, disguised and protected witnesses will cause the jury to wonder from whom the witnesses

2

need protection. A jury conclusion that the witnesses are being kept safe from terrorists, and the defendants are accused of being terrorists, violates Mohamed's due process rights by allowing a conclusion the defendants are terrorists based not on the admitted evidence but on how this group of witnesses is treated–how the Court is keeping them safe from the defendants.

The special treatment of the witnesses also vouches for their importance and credibility. If they are afforded these unusual protections, a jury must conclude the Court has already believed them–believed that they are in danger–and agreed to treat them differently based on out-of-court statements. If the Court has already believed the witnesses' stories, the jury will be more likely to, as well.

Conclusion

Ahmed Mohamed urges the Court to treat the government's special witnesses as any other witnesses. If they need protection from the public, then protect all witnesses in this trial from the public. Have all witnesses enter and exit the courtroom through the same doors. Prevent cell phones from being in the courtroom for the entire trial. If one witness must be disguised, disguise them all. Achieve the appearance that all witnesses are viewed equally by the Court.

If video recordings are played during trial, allow the jury to see the faces of the operatives in the recordings to assess those faces for honesty and credibility. If the operatives testify, the jury must see their eyes and expressions.

The Confrontation Clause gives defendants the right to have a jury capable of seeing and reading the expressions of witness. Due Process demands the Court not give special treatment to the government's secret witnesses.

Most importantly, Ahmed Mohamed's right to defend himself from the government's allegations, when combined with his confrontation rights, makes it imperative that he be allowed to question the witnesses about the nature and extent of the government's net for capturing terrorists–how that net works and what protections are built in to winnow out the innocent.

* * *

Dated July 22, 2021.

                                                    /s T.S. Hartzell  
                                                    T.S. Hartzell,  
                                          Attorney for Ahmed Mohamed