**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-02162-001-TUC-JGZ (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Ahmed Mahad Mohamed, et al., | |
| Defendants. | |

Pending before the Court are the government's Motion for Production of Documents as to Defendant Mohamed (Doc. 206) and Motion for Production of Documents as to Defendant Hussein. (Doc. 207.) The government requests that the Court order two high schools that the Defendants attended to produce documents pursuant to Fed. R. Crim. P. 17(c). Defendant Mohamed filed a Response in opposition (Doc. 209), as did Defendant Hussein. (Doc. 213.) The government replied to each. (Docs. 213, 227.)

## I. Legal Standard

Rule 17(c) of the Federal Rules of Criminal Procedure provides a mechanism to issue a pretrial subpoena for the production of books, papers, documents, data, and other objects. A court may quash or modify the subpoena if compliance would be "unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2); *see also United States v. Nixon*, 418 U.S. 683, 698 (1974). The moving party must show that: (1) the documents are evidentiary and relevant; (2) the documents are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) the party cannot properly prepare for

1  trial without such production and inspection in advance of trial and the failure to obtain
2  such inspection may tend unreasonably to delay the trial; and (4) the application is made
3  in good faith and is not intended as a general fishing expedition. *Nixon*, 418 U.S. at 699–
4  700. The Court will address each Motion in turn.

### II. Motion for Production of Documents as to Defendant Mohamed

In its Motion, the government seeks materials from Amphitheater High School and Catalina High School including "any and all documentation that in any way relate" to Defendant Mohamed such as "class schedules, class curriculum, grades, transcripts, attendance records, ESL services, standardized testing scores and other standards-based assessments." (Doc. 206 at 8.) The government anticipates that the requested records will "provide evidence of the defendants' proficiency in the English language," relevant to the issues raised in Defendant Mohamed's pending Motion to Suppress Post-Arrest Statement. (Doc. 206 at 3.) In his Motion to Suppress, Defendant Mohamed argues that his post-arrest statements are inadmissible because he was provided with a *Miranda* waiver in English, not his native Somali, and thus could not have knowingly, intelligently, and voluntarily waived his rights. (Doc. 199 at 2.)

In response to the Motion for Production, Defendant Mohamed concedes that his English-speaking ability and "*some* of his high school records" are relevant, but objects to the breadth of the government's request in light of "his legitimate privacy interests and rights under FERPA." (Doc. 209 at 2.) Defense counsel has previously obtained "some" education records, including attendance and transcript records, and has disclosed those to the government. Defendant Mohamed argues that the Motion should be denied, or, in the alternative, the Court should permit the issuance of a subpoena only for specific records and conduct an *in camera* review. (*Id.* at 3.) The government maintains that the documents sought are relevant and admissible business records under Federal Rule of Evidence 803(6), and that the records already produced by Defendant Mohamed are insufficient because they appear "incomplete, inaccurate, contain no context or explanation . . . and lack proper certification/verification by the institution." (Doc. 227 at

- 2 -

4.) The government further asserts that the scope of the subpoena request is focused and limited in scope and that it does not seek "discipline records, nurse consults, health records, communications between the school and the parents, records memorializing law enforcement contacts or records pertaining to social services." (*Id.*)

The Court finds that the four *Nixon* factors are satisfied here for the information the government seeks in its Motion. Documents pertaining to "class schedules, class curriculum, grades, transcripts, attendance records, ESL services, standardized testing scores and other standards-based assessments," are relevant to the issue of Defendant Mohamed's English proficiency and admissible as business records. The disclosure already received from the defense is insufficient because it may be incomplete and because it is likely inadmissible, if lacking the necessary certification from a custodian of records. Because the records sought are relevant to the pending Motion to Suppress, both parties have a need to inspect the records well in advance of trial or risk incurring further delays. Finally, information requested in the government's motion cannot be considered a "general fishing expedition" because it is limited in scope to specifically identified records that may be relevant to English-speaking ability and does not seek records that would be irrelevant.

However, the Court notes that the proposed subpoenas attached to the Motion are much broader than the government's request described in its Motion. Attachment A to the subpoena does not indicate to the recipient that the government only seeks limited categories of information—rather it asks the school to provide "any and all documentation . . . including *but not limited to,* the following. . ." (*See, e.g.,* Doc. 206-1 at 6 (emphasis added).) A recipient would thus not be aware that the government is not seeking "discipline records, nurse consults, health records, communications between the school and the parents, records memorializing law enforcement contacts or records pertaining to social services." Thus, the Court will grant the Motion for Production as to Defendant Mohamed but require the government to modify the proposed subpoenas and attachments to reflect the limited nature of the request in its Motion.

- 3 -

### III. Motion for Production of Documents as to Defendant Hussein

In its Motion, the government seeks materials from Amphitheater High School and Catalina High School including "any and all documentation that in any way relate" to Defendant Hussein such as "class schedules, class curriculum, grades, transcripts, attendance records, ESL services, standardized testing scores and other standards-based assessments." (Doc. 207 at 8.) In the Motion for Production, the government asserts only that Defendant Hussein's education records are relevant "evidence of the defendants' proficiency in the English language," and refers to the Motion to Suppress filed by Defendant Mohamed. Defendant Hussein argues that, because he has not filed a motion to dismiss or noticed any English-proficiency defense, the government's request is a general fishing expedition and there is no "actual nexus between Mr. Hussein's school records and issues in this case." (*Id.* at 3.) Defendant Hussein further asserts that he has privacy interest in his school records protected by the Family Educational Rights and Privacy Act of 1974 (FERPA). *See* 20 U.S.C. § 1232g.

The government responds that Defendant Hussein's education records are relevant to evaluate the anticipated mental health expert witness report regarding his cognitive functioning. (*See* Doc. 215 ("Hussein provides notice of his intent to introduce expert evidence relating to a mental disease or defect or any other mental condition bearing on issues of guilt.") The government argues that academic records will be relevant to "whether Hussein had any learning disabilities or developmental problems." (Doc. 213 at 3.) The government maintains that the records are admissible business records, and the request is limited in scope because it does not seek "discipline records, nurse consults, health records, communications between the school and the parents or records pertaining to social services." (*Id.*)

The Court finds that the four *Nixon* factors are satisfied here for the information the government seeks in its Motion. Documents pertaining to "class schedules, class curriculum, grades, transcripts, attendance records, ESL services, standardized testing scores and other standards-based assessments," are relevant to the issue of Defendant

- 4 -

Hussein's cognitive functioning and are admissible as business records. Because the records sought may be necessary to evaluate the anticipated mental health expert report, both parties have a need to inspect the records well in advance of trial or risk incurring further delays.

Next, FERPA prohibits the federal funding of schools that have a policy or practice of permitting the release of students' education records without their parents' written consent. The Act is a piece of spending legislation and does not confer enforceable rights upon individuals. *Gonzaga University v. Doe*, 536 U.S. 273, 287 (2002) ("FERPA's nondisclosure provisions contain no rights-creating language, they have an aggregate, not individual, focus, and they serve primarily to direct the Secretary of Education's distribution of public funds to educational institutions.") Nor does FERPA prohibit the release of education records to a person designated in a subpoena issued for a law enforcement purpose. 20 U.S.C. § 1232g(b)(1)(J)(ii). Thus, while the Ninth Circuit has recognized that the privacy of student records is a "significant government interest," FERPA does not provide a basis for the Court to decline to issue a subpoena for specifically identified, relevant, and admissible evidence. In fact, the privacy requirements imposed on schools by FERPA weigh in favor of granting the Motion to Produce under the second *Nixon* factor, because the records are unlikely to be procurable through due diligence in the absence of a subpoena.

Finally, the application cannot be considered a "general fishing expedition" because it is limited in scope to specifically identified records that may be relevant to cognitive functioning and does not seek records that would be irrelevant. However, again the Court notes that the proposed subpoenas attached to the Motion are much broader than the government's request described in the Motion. The proposed letter requesting documents does not indicate to the recipient that the government only seeks limited categories of information—rather it asks the school to provide "any and all documentation . . . including *but not limited to,* the following. . ." (*See, e.g.,* Doc. 207-1 at 6 (emphasis added).) A recipient would thus not be aware that the government is not

seeking "discipline records, nurse consults, health records, communications between the school and the parents or records pertaining to social services." Thus, the Court will grant the Motion for Production as to Defendant Hussein but require the government to modify the proposed subpoenas and attachments to reflect the limited nature of the request in its Motion.

### IV. Conclusion

Based on the foregoing reasons,

**IT IS ORDERED** that the government's Motion for Production of Documents as to Defendant Mohamed (Doc. 206) is **GRANTED.** The government must file amended subpoenas that seek *only* "class schedules, class curriculum, grades, transcripts, attendance records, ESL services, standardized testing scores, and other standards-based assessments" relating to Defendant Mohamed. Upon receipt, the Court will issue the amended subpoenas.

**IT IS FURTHER ORDERED** that the government's Motion for Production of Documents as to Defendant Hussein (Doc. 207) is **GRANTED.** The government must file amended subpoenas that seek *only* "class schedules, class curriculum, grades, transcripts, attendance records, ESL services, standardized testing scores, and other standards-based assessments" relating to Defendant Hussein. Upon receipt, the Court will issue the amended subpoenas.

Dated this 27th day of January, 2023.

Honorable Jennifer G. Zipps
United States District Judge